AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

IN THE MATTER OF THE USE OF A CELL-SITE
SIMULATOR TO LOCATE THE CELLULAR DEVICE
ASSIGNED CALL NUMBER (585) 406-2641



18-MJ-4008

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

**One T-Mobile cellular phone assigned Call Number 585-406-2641.**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See attached Schedule of Items to be Seized, attached hereto as Exhibit A, and incorporated herein by reference, all of which constitute fruits, evidence and instrumentalities in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(a)(2)(A).

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(a)(2)(A), the application is based on these facts which are continued on the attached sheet:
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
CARLTON TURNER, TASK FORCE AGENT
FBI

Sworn to before me and signed in my presence.

Date: February 8, 2018

_____
HONORABLE MARIAN W. PAYSON
U.S. MAGISTRATE COURT JUDGE

City and State:
Rochester, New York

## ATTACHMENT A

### Property to Be Searched

The location of one T-Mobile cellular telephone assigned number (585)406-2641 which is believed to be in the possession of wanted person, JOSEPH A. HEATH, JR. who is currently wanted for violating 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(a)(2)(A).

## ATTACHMENT B

### Particular Things to Be Seized

Pursuant to an investigation of JOSEPH A. HEATH, JR. for a violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(a)(2)(A), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (585) 406-2641 | **FILED UNDER SEAL**<br><br>Case No. 18-mj-4008 |

_____

STATE OF NEW YORK    )
COUNTY OF MONROE  )    ss:
CITY OF ROCHESTER  )

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Carlton Turner, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the

> T-Mobile cellular telephone assigned call number (585) 406-2641 (the "Target Cell Phone"), which is described in Attachment A.

2. I am a sworn Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) and an Investigator for the Rochester Police Department (RPD). I have been a member of the Rochester Police Department since May 1998, and assigned to the FBI Child Exploitation Task Force since October 2015. I am responsible for investigating a wide

range of local, state, and federal criminal violations. In my position with the FBI Child Exploitation Task Force, I am responsible for investigating crimes against children, including the possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). As a duly sworn FBI TFO, I am empowered to conduct investigations of and make arrests for offenses against the United States.

3. In the course of conducting or participating in these investigations, I have been involved in the use of the following investigative techniques: interviewing informants, confidential sources and cooperating witnesses, conducting physical surveillances, consensual monitoring and recording of both telephonic and non-telephonic communications, tracking and locating witnesses and victims, and preparing and executing search warrants and arrest warrants that have led to the arrests of subjects.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. One purpose of applying for this warrant is to determine conclusively the Target Cell Phone's location. There is reason to believe the Target Cell Phone is currently located in the Western District of New York because the Target Cell Phone's user, JOSEPH A. HEATH, JR., (HEATH) was observed at the Lilac Coin Laundry located at 469 Monroe Avenue, Rochester, New York on February 4, 2018. Additionally, HEATH is known to reside in this district and utilize the Target Cell Phone as his personal cellular telephone.

Pursuant to Rule 41(b)(2), law enforcement may locate a particular Target Cell Phone outside the district provided the device is within the district when the warrant is issued.

6.   Based on the facts set forth in this affidavit, there is probable cause to believe that JOSEPH A. HEATH, JR., has violated 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(a)(2)(A). HEATH was charged with these crimes on February 5, 2018 and is the subject of an arrest warrant issued on or about the same day. There is also probable cause to believe that HEATH is aware of these charges (or at least that the charges will be forthcoming) and has gone into hiding and to believe that the Target Cell Phone's location will assist law enforcement in arresting HEATH, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

7.   On February 4, 2018, your affiant responded to Lilac Coin Laundry to determine who was using the Wi-Fi at the location to receive child pornography. Your affiant met with HEATH who was downloading child pornography at the location when your affiant arrived. HEATH further admitted to downloading the child pornography from that location on several dates. HEATH consented to the search of his computer equipment that he brought to Lilac Coin Laundry.

8.   HEATH was determined to be a level 3 registered sex offender for the prior rape of a 6-year-old female. HEATH provided his current telephone number to your affiant as being (585) 406-2641. HEATH reported that his registered address is 350 Parsells Avenue, Rochester, New York. He must register his address with law enforcement based on his status

as a current level 3-sex offender. Based on a review of HEATH'S criminal history report, HEATH has previously lived at several locations in Rochester, New York. HEATH has lived the majority of his life in the Rochester Area and your affiant has no information that he has family or other contacts outside of the Western District of New York.

9. On February 5, 2018, your affiant went to the defendant's registered address in order to arrest him for his pending charges. However, he was no longer staying at the address. Your affiant also surveilled several of HEATH'S previous addresses and could not locate HEATH at these addresses either. However, your affiant believes HEATH remains in the area of Rochester, New York and within the Western District of New York because HEATH does not currently have a vehicle and typically travels on foot. Further, he is indigent and does not have substantial funds to leave the area.

10. On February 5, 2018 and February 6, 2018, your affiant called the Target Cell Phone several times in an attempt to locate HEATH. The Target Cell Phone's voicemail answered the calls. HEATH'S voice was on the voicemail.

11. A records search reveals the phone with the assigned call number (585) 406-2641 is an active wireless phone serviced by T-Mobile, LLC. There is no subscriber information related to that telephone. There is probable cause to believe that HEATH is currently using this phone and will continue to use this phone. There is probable cause to

believe that monitoring the Target Cell Phone's location will assist law enforcement in arresting HEATH.

## MANNER OF EXECUTION

12. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

13. Cell-site simulators function by transmitting as a cell tower. In response to the signals emitted by the simulator, cellular devices in the proximity of the device identify the simulator as the most attractive cell tower in the area and thus transmit signals to the simulator that identify the device in the same way that they would with a networked tower. A cell-site simulator receives and uses an industry standard unique identifying number assigned by a device manufacturer or cellular network provider. When used to locate a known cellular device, a cell-site simulator initially receives the unique identifying number from multiple devices in the vicinity of the simulator. Once the cell-site simulator identifies the specific cellular device for which it is looking, it will obtain the signaling information relating only to that particular phone. When used to identify an unknown device, the cell-site simulator obtains signaling information from non-target devices in the target's vicinity for the limited purpose of distinguishing the target device.

14. By transmitting as a cell tower, cell-site simulators acquire the identifying information from cellular devices. This identifying information is limited, however. Cell-site simulators provide only the relative signal strength and general direction of a subject cellular telephone; they do not function as a GPS locator, as they do not obtain or download any location information from the device or its applications. Moreover, cell-site simulators used by law enforcement are configured as pen registers, and may not be used to collect the contents of any communication, in accordance with 18 U.S.C. § 3127(3). This includes any data contained on the phone itself: the simulator does not remotely capture emails, texts, contact lists, images or any other data from the phone. In addition, law enforcement cell-site simulators do not provide subscriber account information (for example, an account holder's name, address, or telephone number).

15. In order to execute the requested warrant, investigators plan to send signals to the Target Cell Phone that will cause it, and non-target phones on the T-Mobile network in close physical proximity, to emit unique identifiers, which will be obtained by the technology, and investigators will use the information collected to determine information pertaining to the physical location of the Target Cell Phone. The Target Cell Phone and other cellular devices in the area might experience a temporary disruption of service from the service provider. Any potential service disruption to non-target devices would be temporary and all operations will be conducted to ensure the minimal amount of interference to non-target devices.

16.     Prior to deploying the equipment to execute this warrant, the operator will verify that the equipment has been cleared of any previous operational data. Moreover, to the extent it is consistent with applicable existing laws and requirements, including any duty to preserve exculpatory evidence, all data will be deleted as soon as the Target Cell Phone is located, and no less than once daily. Law enforcement will make no affirmative investigative use of any non-target data absent further order of the Court, except to identify and distinguish the Target Cell Phone from other devices.

## AUTHORIZATION REQUEST

17.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

18.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

21. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Carlton Turner
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me
On: February __8__ 2018.

_____
MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE